**KOLLER LAW LLC**
David M. Koller, Esquire (90119)          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
davidk@kollerlawfirm.com

## UNITED STATES DISTRICT COURT
## IN THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARYJO DELANEY** : | |
| 110 Commerce St : | |
| **Lock Haven, PA 17745** : | **Civil Action No.** |
| **Plaintiff,** : | |
| : | **Complaint and** |
| v. : | **Jury Demand** |
| : | |
| **ADVANTAGE SALES LTD. and** | |
| **MICAH CLAUSEN, Individually** : | |
| 141 3rd Ave : | |
| **Lock Haven, PA 17745** : | |
| : | |
| **Defendants.** : | |
| : | |

## COMPLAINT

Plaintiff, MaryJo Delaney, by and through her counsel, Koller Law LLC, by way of Complaint, alleges that her rights, pursuant to the Families First Coronavirus Response Act ("FFCRA") have been violated. In support thereof, Plaintiff avers as follows:

### IDENTIFICATION OF THE PARTIES

1. Plaintiff, MaryJo Delaney (hereinafter "Plaintiff"), is an adult individual who is domiciled at address listed above.

2. Defendant, Advantage Sales Ltd. (hereinafter "Defendant"), is a company engaged in the retail sale of a general line of apparel, dry goods, hardware, housewares or home furnishings, and groceries.

3. Defendant, Micah Clausen (hereinafter "Defendant Clausen"), at all times relevant hereto was Defendant's owner and president.

4. At all times material hereto, Plaintiff was an eligible employee under the FFCRA.

5. Defendant is a company with less than 500 employees.

6. At all times material hereto, Defendant was an eligible employer under the FFCRA.

## JURISDICTION AND VENUE

7. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8. The FFCRA is a federal law and so this court maintains federal question jurisdiction over this matter.

9. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391 (b)(1) and 1931 (b)(2) because Defendant is located in and/or regularly conduct business in this judicial district and because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **MATERIAL FACTS**

10. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

11. In or around September 2014, Defendant hired Plaintiff as a Processing Manager.

12. Plaintiff reported to Defendant Clausen, President of Defendant.

13. Plaintiff was qualified for her position and performed well.

14. On March 20, 2020, Defendant Clausen issued a statement regarding Governor Wolf's Order that all Non-Life Sustaining Businesses close by 8:00 pm on March 19, 2020.  In this statement, Defendant Clausen stated that Defendant fell within an exception (i.e., Electronic Shopping and Mail-Order House), and that Defendant was permitted to remain open.

15. In this same statement, Defendant Clausen further stated that "[a]ny employee wishing to avoid potential contact with the virus from the work environment at [Defendant] may volunteer to be laid off.  Any employee choosing to be laid off will not risk losing their job."

16. On March 13, 2020, Governor Wolf had announced that all K-to-12 Pennsylvania schools would be closed for ten business days effective March 16, 2020.

17. Governor Wolf subsequently extended the school closure order through the remainder of the 2019/2020 school year.

18. Plaintiff had a nine-year-old son, who attended third grade at Dickey Elementary School.

19. In compliance with Governor Wolf's Orders, Dickey Elementary School closed on or around March 16, 2020, and it remained closed until the end of the 2019/2020 school year.

20. Given that Plaintiff's 9-year-old son's school was closed, Plaintiff elected to be voluntarily laid off under the terms of Defendant Clausen's March 20, 2020 statement.

21. Beginning on or around March 27, 2020, Plaintiff was on a voluntary layoff from Defendant.

22. On or around Wednesday, May 13, 2020, Defendant Clausen called Plaintiff by telephone to inform her that Defendant was calling all employees who had requested a voluntary layoff to return to work, effective Monday, May 18, 2020.

23. On Monday, May 18, 2020, Plaintiff reported to work as instructed.

24. On May 18, 2020, Plaintiff met with Defendant Clausen in person. During this meeting, Plaintiff explained that Dickey Elementary School, the school where her nine-year-old son attended, remained closed. Plaintiff requested that she adjust

her schedule so that she worked only from 8:00 am to 2:00 pm for the next three weeks, or until the end of the 2019/2020 school year.  Plaintiff also explained that she could not work after 8:00 pm.  Plaintiff further stated that if Defendant could not accommodate her schedule request, then she needed information on FFCRA because her son's school remained closed and she requested FFCRA leave.

25.  Defendant Clausen concluded the meeting by stating that he needed time to consider Plaintiff's proposal.

26.  On Tuesday, May 19, 2020, Plaintiff again met with Defendant Clausen in person at Defendant's work location.

27.  During the May 19th meeting, Defendant Clausen stated that Plaintiff's proposed schedule was not workable because she was a manager.  Defendant Clausen further stated that Plaintiff was smart and creative and could figure something out.  Defendant Clausen then threw printouts on the table, showing that Plaintiff was "active" on Facebook after 8:00 pm, and yelled, "it's not f---ing 8:00" that Plaintiff was no longer available to work.  Defendant Clausen then stated that if Plaintiff took FFCRA leave, then she would be demoted when she returned.  Plaintiff was appalled and taken aback by Defendant Clausen's conduct and comments.

28. Defendant refused to allow Plaintiff to take FFCRA leave, and it refused to allow Plaintiff to use FFCRA leave for the reduction in hours due to the closure of her son's elementary school.

29. On May 20, 2020, Plaintiff again met with Defendant Clausen. Plaintiff informed him that, as a manager, if she had spoken to one of her direct reports in the manner in which Defendant Clausen had spoken to her, it would be unacceptable, and that it was not acceptable for Defendant Clausen to use profanity and speak to her in that manner. Defendant Clausen agreed with Plaintiff. Plaintiff further stated that Defendant Clausen's threat to demote her if she took leave under the FFCRA was retaliatory.

30. Thereafter, Plaintiff proceeded to work from 8:00 am to 2:00 pm and she worked extra hours to make up any missed time.

31. However, Defendant Clausen immediately began to overly scrutinize and nitpick Plaintiff's work performance and subject Plaintiff to unfair criticism.

32. Prior to requesting FFCRA leave, Defendant Clausen did not nitpick and scrutinize Plaintiff's work product.

33. The unwarranted targeting and criticism became unbearable. Plaintiff's coworkers who had not taken leave were not subjected to similar criticism.

34. On June 2, 2020, Plaintiff requested to meet with Defendant Clausen to discuss her unfair treatment since she had requested either an adjusted schedule or

FFCRA leave because of the closure of her son's elementary school as a result of COVID-19.

35. In response to her request, Defendant Clausen stated that he wanted to wait for Josh Groves, Supervisor, before commencing the meeting. Plaintiff jokingly asked, "am I in trouble," to which Defendant Clausen responded, "yes, actually you are."

36. Once Mr. Groves arrived, Plaintiff proceeded to complain about the unfair treatment and criticism to which she had been subjected during the previous two weeks after requesting FFRCA leave. In response, Mr. Groves dismissively told Plaintiff that she was being "dramatic."

37. Defendant Clausen then proceeded to state that he had viewed video footage from May 28, 2020 and June 1, 2020, and stated that when Plaintiff assisted employees, the employees' productivity slowed down.

38. Rather than faulting the employees whose productivity had decreased, Defendant Clausen unfairly blamed Plaintiff.

39. The June 2, 2020 meeting was the first time that anyone at Defendant had raised any issue or concern with Plaintiff regarding productivity.

40. Defendant Clausen then issued Plaintiff a discipline for failing to manage effectively.

41. Plaintiff had not previously been disciplined or counseled for management or productivity.

42. Although Defendant had a 5-step progressive discipline policy, Defendant ignored its own discipline policy.

43. Instead, Defendant Clausen proceeded to demote Plaintiff, effective immediately, from a Processing Manager to a Processing Crew Member.

44. Defendant Clausen further stated that Plaintiff would remain in the Processing Crew Member position for one month, during which Plaintiff's productivity would be evaluated.  At the conclusion of one month, Defendant Clausen stated that Plaintiff would either remain in the Processing Crew Member position at a lower hourly rate or she would be terminated.

45. Plaintiff was shocked by her demotion and unfair treatment by Defendant.

46. Indeed, Defendant had not previously raised any concern with productivity with Plaintiff, affording her no opportunity to correct any alleged or perceived issue, before unfairly demoting Plaintiff and threatening with termination.

47. As a result of Defendants' retaliatory treatment, unwarranted demotion and threat to terminate Plaintiff's for no just cause, on June 3, 2020, Plaintiff had no choice but to submit her resignation, and was constructively discharged.

## COUNT I – INTERFERENCE
## FAMILIES FIRST CORONAVIRUS RESPONSE ACT (FFCRA)
## MaryJo Delaney v. Advantage Sales Ltd.

48. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

49. Plaintiff was eligible for leave under the FFCR.

50. At all times material, Defendant knew, or should have known, of Plaintiff's need for FFCRA because she was unable to work because her son's elementary school was closed as a result of COVID-19.

51. Plaintiff gave Defendant proper notice of her need for FFCRA leave.

52. Defendant threatened to demote Plaintiff to a non-managerial position if she took FFCRA leave.

53. Plaintiff was entitled to FFCRA.

54. Plaintiff attempted to exercise her rights under the FFCRA.

55. Defendant unlawfully prevented Plaintiff from obtaining those benefits.

56. Defendant acted in bad faith by interfering with Plaintiff's request for FFCRA leave.

57. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FFCRA-related request for leave.

58. As a result of Defendant's discrimination, Plaintiff suffered adverse employment actions causing her harm.

**WHEREFORE**, Plaintiff, MaryJo Delaney, requests that the Court grant her the relief against Defendant set forth in the Prayer for Relief clause, *infra*.

## COUNT II – RETALIATION
## FAMILIES FIRST CORONAVIRUS RESPONSE ACT (FFCRA)
## MaryJo Delaney v. Advantage Sales Ltd.

59. The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

60. Plaintiff was eligible for FFCRA Leave.

61. At all times material, Defendant knew, or should have known, of Plaintiff's need for FFCRA leave because her nine-year-old son's elementary school was closed.

62. Plaintiff requested FFCRA leave.

63. Plaintiff was entitled to benefits under the FFCRA.

64. Plaintiff attempted to exercise her FFCRA rights.

65. In response to Plaintiff's request for FFCRA leave, Defendant threatened to demote her to a non-managerial position.

66. After requesting FFCRA leave, Defendant immediately began to retaliate against Plaintiff by overly scrutinizing her work performance, subjecting her to unfair criticism, nitpicking Plaintiff's work, issuing an unfair and unwarranted discipline, demotion with a threat of termination, and, ultimately, constructive discharge.

67. Defendant's motivation for terminating Plaintiff was connected causally to Plaintiff's request for FFCRA leave.

68. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FFCRA.

69. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and liquidated damages under the FFCRA.

**WHEREFORE**, Plaintiff, MaryJo Delaney, requests that the Court grant her the relief against Defendant set forth in the Prayer for Relief clause, *infra*.

### COUNT III – INTERFERANCE/RETALIATION
### FAMILIES FIRST CORONAVIRUS RESPONSE ACT (FFCRA)
### MaryJo Delaney v. Micah Clausen

70. The foregoing paragraphs incorporated by reference herein as if the same were set forth at length.

71. Plaintiff was eligible for FFCRA Leave.

72. At all times material, Defendant Clausen knew, or should have known, of Plaintiff's need for FFCRA leave because her nine-year-old son's elementary school was closed.

73. Plaintiff requested FFCRA leave.

74. Plaintiff was entitled to benefits under the FFCRA.

75. Plaintiff attempted to exercise her FFCRA rights.

76. In response to Plaintiff's request for FFCRA leave, Defendant Clausen threatened to demote Plaintiff to a non-managerial position if she took the requested FFRCRA leave.

77. Thereafter, Defendant Clausen immediately began to retaliate against Plaintiff by overly scrutinizing her work performance, subjecting her to unfair criticism, nitpicking Plaintiff's work, issuing an unfair and unwarranted discipline, demotion with a threat of termination, and, ultimately, constructive discharge.

78. Defendant Clausen was involved in the decision to issue Plaintiff an unwarranted discipline.

79. Defendant Clausen was involved in the decision to demote Plaintiff.

80. Defendant Clausen issued the threat to terminate Plaintiff's employment.

81. Defendant Clausen constructively discharged Plaintiff's employment.

82. Defendant Clausen did not act in good faith.

83. Defendant Clausen's conduct was willful and intended to deprive Plaintiff of her rights under the FFCRA.

84. There is a causal link between Plaintiff's protected conduct and the adverse actions, including the unwarranted discipline, demotion and constructive discharge of Plaintiff.

85. Plaintiff sustained damages as a result of Defendant Clausen's conduct.

**WHEREFORE**, Plaintiff, MaryJo Delaney, requests that the Court grant her the relief against Defendant set forth in the Prayer for Relief clause, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, MaryJo Delaney, requests that the Court grant her the following relief against Defendants:

a) Damages for past and future monetary losses as a result of Defendant's wrongful termination;

b) Compensatory damages;

c) Liquidated damages;

d) Reasonable attorneys' fees;

e) Recoverable costs;

f) Pre and post judgment interest;

g) An allowance to compensate for negative tax consequences;

h) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for his adverse actions, disciplines, and termination; and

i) Awarding any/all other extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

Respectfully Submitted,

**KOLLER LAW LLC**

Dated: September 11, 2020

*/s/ David M. Koller*
David M. Koller, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
(t) 215-545-8917
(f) 215-575-0826
davidk@kollerlawfirm.com

*Counsel for Plaintiff*